IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC JOHN FOSTER,

                    Plaintiff,

        v.

CARVER COUNTY HEALTH AND HUMAN
SERVICES, CARTER COUNTY,
CARVER COUNTY'S ATTORNEY'S OFFICE, and
CARVER COUNTY DISTRICT COURTS,

                    Defendants.[1]

                                                    OPINION and ORDER

                                                    24-cv-265-jdp

---

Plaintiff Eric John Foster, proceeding without counsel, is suing several government entities from Carver County, Minnesota. He has submitted a complaint and an amended complaint, but the amended complaint appears to be a supplement rather than a replacement for the original complaint, so I will consider the two documents together as one pleading.

The case is before the court for screening under 28 U.S.C. § 1915(e)(2), which requires the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I construe the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Foster must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th

---

[1] The captions of Foster's complaint and amended complaint name only one defendant: Carter County Health and Human Services. But under the heading "Parties," Foster names several other defendants in his amended complaint: Carver County, Carver County's Attorney's Office, Carver County District Courts. So I have added those other entities to the caption.

Cir. 2023), which means that he must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

For the reasons below, Foster cannot proceed on any of the claims that he is asserting. But I will allow him to file an amended complaint to clarify his claim that the county filed false charges against him in violation of the Due Process Clause and discriminated against him in violation of the Equal Protection Clause.


ANALYSIS

Foster provides few details about his claims in his complaint and amended complaint. His claims appear to arise out of child custody disputes in Minnesota state court. He cites two case numbers, 10-FA-22-154 and 10-JV-24-12. The state court's electronic docket shows that the first case was a petition that Foster filed about the custody of his son. The second case does not appear on the court's electronic docket, but some of Foster's allegations suggest that the case was brought by the county and involves allegations about the mistreatment of his son, so that case may not be available to the public. Foster does not say why these cases were filed in Minnesota when he lives in Wisconsin, but presumably it is because the child's mother has primary custody of the child, and she lives in Minnesota.

In his original complaint, Foster seems to be focused on arguments made by the county during the state-court proceedings and determinations made by the court in those proceedings. He alleges that the county asserted "false" claims that his three-year-old son is depressed, that his son's speech has regressed, and that he "take[s] [his] son's clothes off to take pictures of his abnormal bruises." He challenges limitations imposed by the court on his visitation with

2

his son and requirements "to pay for services that [Foster does not] need." For relief, he asks

for compensatory damages and restoration of his parental rights.

In his amended complaint, Foster asserts seven claims:

(1) "Breach of confidentiality." Foster says that a lawyer from the Carver County Attorney's Office disclosed information about a mediation session.

(2) "Violation of Due Process Rights." Foster says that "the Defendants" violated his rights by obtaining "unauthorized access" to his son's medical records, by failing to provide him a fair hearing, and by "imposi[ng] parenting restrictions based on false premises."

(3) "Judicial Misconduct and Bias." Foster says that the judge presiding over the custody disputes relied on opinions from the county instead of "consulting an objective Child Abuse Specialist."

(4) "Violation of the Right to Effective Assistance of Counsel." Foster says that his court-appointed lawyer "breached attorney-client privilege" and did not effectively represent him. Foster does not identify any specific breaches or deficiencies.

(5) "Eighth Amendment violations." Foster says that the various restrictions imposed by the court and the county on his parenting rights amount to cruel and unusual punishment.

(6) "Equal Protection Clause Violations." Foster says that the county has shown a "pattern of discriminatory conduct." He does not explain how.

(7) "Interference with Parent/Child Relationship." Foster says that the county has engaged in "unwarranted interference" in his parenting, including by "prohibiting [him] from documenting [his son's] bruises."

He asks for several forms of relief in his amended complaint, including $50,000,000 in

damages, an "audit" of the county, a public apology, a transfer of Case no. 10-FA-22-154 to

Wisconsin, and nullification of the orders in Case no. 10-JV-24-12.

Foster cannot proceed with any of the claims he asserts in his original or amended

complaints. As for the claims challenging the child-custody proceedings, Foster does not say

whether the proceedings are ongoing or whether they have concluded. The docket for Case

no. 10-FA-22-154 suggests that the case is stayed pending further investigation. As already

3

noted, there is no public record of Case no. 10-JV-24-12. If either case has proceeded to judgment, this court does not have jurisdiction to overturn any of the state-court's rulings. *Gilbank v. Wood Cnty. Department of Human Services*, 111 F.4th 754, 768 (7th Cir. 2024); *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 361–62 (7th Cir. 2010). This is referred to as the *Rooker-Feldman* doctrine, named after two Supreme Court cases that applied the doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462. (1983).

If the state-court proceedings are ongoing, then I cannot interfere with those proceedings. *See J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (barring federal courts from adjudicating claims that would interfere with ongoing domestic disputes in state court). Either way, I cannot issue any relief to Foster that would overturn the state court's rulings. This would apply to all of Foster's challenges to restrictions on his parental rights. I also have no authority to transfer the venue of a state-court proceeding to another state court.

This court does have jurisdiction to decide claims for damages against county entities for making false accusations against Foster, even if those claims would imply that a state-court judgment was wrong. *See Gilbank*, 111 F.4th at 792. The claims could instead be barred under the doctrine of issue preclusion, which applies under the following circumstances: (1) the same issue was litigated in an earlier lawsuit; (2) the previous lawsuit has proceeded to judgment; (3) the party being precluded was also a party in the previous lawsuit; and (4) the party had "a full and fair opportunity" to litigate the issue in the previous case. *Mach v. Wells Concrete*

4

*Products Co.*, 866 N.W.2d 921, 927 (Minn. 2015).[2] I cannot apply issue preclusion at this stage because issue preclusion is an affirmative defense, which means I may not apply it at the pleading stage unless the complaint shows that all elements of the defense are met. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). But I cannot determine from the complaint whether either of the state-court lawsuits proceeded to judgment or whether Foster had a fair opportunity to litigate the issues.

Regardless, Foster cannot proceed on a claim that the county asserted false charges against him because neither his original complaint nor his amended complaint include plausible allegations that the county falsified anything. Foster does not allege that the county lied to the state court or fabricated evidence. Rather, Foster appears to simply allege that the county was wrong in its assessments about Foster's son. A mistake is not a constitutional violation. *See Childress v. Walker*, 787 F.3d 433, 437 (7th Cir. 2015). But it is possible that Foster could provide additional details showing a constitutional violation by the county, so I will allow Foster to amend his complaint.[3] If he wishes to hold the county liable for an alleged violation, he must allege that the violation was a result of county policy. *Estate of Wallmow v. Oneida Cnty.*, 99 F.4th 385, 393–94 (7th Cir. 2024). The county may not be held liable simply because it employs an individual who violated Foster's constitutional rights. *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021).

---

[2] The previous lawsuits were litigated in Minnesota state court, so Minnesota rules regarding issue preclusion (also called collateral estoppel) apply. *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 772 (7th Cir. 2013).

[3] Foster names both Carver County and Carver County Health and Human Services as defendants. But Carver County Health and Human Services is part of Carver County, so it is not necessary to name both entities.

As for Foster's claim that the county is engaging in discriminatory conduct, Foster does not provide enough information. He provides no examples of the conduct he is referring to, he does not identify anyone who is receiving more favorable treatment, and he does not explain the basis for his belief that the county is discriminating against him. Without that information, I cannot allow Foster to proceed on this claim. *Hess v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023) (explaining requirements for pleading an equal protection claim). If this is another challenge to Foster's parental restrictions, that claim is barred for the reasons already described. But it is possible that Foster could clarify this claim in way that would state a claim and would not be barred by a procedural rule. So I will allow him to amend his complaint for this claim.

Foster's other claims have defects that cannot be cured. As for the contention that the state-court and county violated his Eighth Amendment rights, I will dismiss that claim because the Eighth Amendment applies to punishments on convicted criminals; it does not apply to child-custody disputes. *See Browning–Ferris Industries of Vermont v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989); *Jefferson v. Kramer*, No. 23-cv-316, 2024 WL 3084741, at *3 (D. Nev. 2024); *Dolin on Behalf of N.D. v. West*, 22 F. Supp. 2d 1343, 1351 (M.D. Fla. 1998); *Hibbard v. Benjamin*, No. Civ. A. 90-193611992 WL 300838, at *7 (D. Mass. 1992).

As for Foster's claim about "breach of confidentiality," Foster says that one of the county's lawyers disclosed (to whom he does not say) that "Mr. Foster left the mediation and communicated in the chat to the mediators that he was done." This claim has multiple problems. First, Foster does not name as a defendant the individual who was responsible for the alleged breach of confidentiality. Second, prosecutors generally cannot be sued for acts they take in their official capacity, including disclosing private information they learn in litigation. *See S.J.S. by L.S. v. Faribault Cnty.*, 556 N.W.2d 563 (Minn. Ct. App. 1996); *Ford v. Kenosha*

*Cnty.*, 160 Wis. 2d 485, 509 466 N.W.2d 646, 656 (1991). This rule extends to the child-custody context. *See Millspaugh v. County Dept. of Public Welfare of Wabash County*, 937 F.2d 1172, 1175–76 (7th Cir. 1991). Third, Foster's allegations do not suggest that anyone breached the agreement. Foster does not provide a copy of the agreement, but his allegation suggests that the agreement was that neither side would share details about the contents of the mediation session. Simply stating that Foster decided to end the mediation session would not violate such an agreement. Fourth, Foster does not identify any harm he suffered. *See Brew City Redev. Grp., LLC v. Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582 (damages are element of breach of contract claim). For all of these reasons, I will dismiss this claim with prejudice.[4]

As for Foster's allegation that "the Defendants" obtained access to his son's medical records, it is not surprising that county officials or the judge would review a child's medical records during a custody proceeding. But even assuming that the county's conduct was not authorized, reviewing confidential records would not deprive Foster of liberty or property within the meaning of the Due Process Clause. So he does not have a claim for a due process violation. *Minch v. City of Chicago*, 486 F.3d 294, 302 (7th Cir. 2007) (due process clause applies only when a state actor deprived the plaintiff of a liberty or property interest). There are federal laws that protect patient confidentiality, but they do not create a private right of action to sue for damages. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). I will dismiss this claim with prejudice.

---

[4] "With prejudice" simply means that Foster may not raise the same claim in a new complaint.

As for Foster's allegation that the state-court judge was biased and failed to provide him a fair hearing, that claim fails because judges have absolute immunity for the acts they take in their judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). A litigant's remedy for an incorrect ruling is an appeal, not a new lawsuit. In any event, Foster's allegations do not state a claim. Foster's only allegation is that the judge did not consult with "an objective Child Abuse Specialist." That does not show bias or even the appearance of bias. Foster does not allege that the judge had a conflict of interest or that there are any other facts suggesting bias. I will dismiss this claim with prejudice.

As for Foster's conclusory allegation that his court-appointed attorney was ineffective, neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held that there is a right to effective counsel in all child-custody disputes, even when termination of parental rights is a possibility. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 101 (1981); *Nicole K. by next friend Linda R. v. Stigdon*, 990 F.3d 534, 538–39 (7th Cir. 2021). In any event, Foster did not name his lawyer as a defendant, and, even if he had, court-appointed attorneys cannot be sued for providing constitutionally ineffective assistance because they are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).


ORDER

IT IS ORDERED that:

1. Eric John Foster's complaint is DISMISSED. The following claims are dismissed with prejudice: (1) the Carver County Attorney's Office breached a confidentiality agreement; (2) defendants obtained access to medical records without proper authorization; (3) the Carver County District Courts were biased against Foster; and (4) Foster's attorney provided ineffective assistance of counsel. The following claims are dismissed without prejudice: (1) Carver County made false charges against Foster; (2) Carver County restricted Foster's parental rights; and (3) Carver County are discriminating against Foster.

2. Carver County District Courts and Carver County's Attorney's Office are DISMISSED with prejudice.

3. Foster may have November 15, 2024, to file an amended complaint that clarifies his claims that: (1) one or more defendants filed false charges against Foster, in violation of the Due Process Clause; and (2) one or more defendants is discriminating against him in violation of the Equal Protection Clause.

4. If Foster does not respond by November 15, I will direct the clerk of court to close the case and enter judgment.

Entered October 25, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

9